# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LEON A. MORRIS, SR., | : | Case No. 2:22-cv-3461 |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | District Judge Edmund A. Sargus, Jr. |
| vs. | : | Magistrate Judge Karen L. Litkovitz |
| | : | |
| WARDEN, NORTH CENTRAL | : | |
| CORRECTIONAL COMPLEX, et al., | : | |
| | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the North Central Correctional Institution (NCCI), has filed a pro se civil rights complaint in this Court. (Doc. 1). Plaintiff has also filed six amended complaints and/or motions to amend his complaint. (Doc. 6, 9, 11, 15, 17). By separate Order issued this date, plaintiff's motions to amend were granted. Plaintiff has also filed several other pending motions (Doc. 7, 8, 16, 21), which are addressed below.

By separate Order plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint, as amended and supplemented, to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

    A. **Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

---

[1] Formerly 28 U.S.C. § 1915(d).

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### B. Allegations in the Complaints

In the initial complaint filed in this case, plaintiff claims that defendants Amber Ablefinlin and R. West, institutional cashiers at the Correctional Reception Center (CRC) and NCCI, unlawfully removed funds from his prison trust fund account. (Doc. 1 at PageID 3). Without any factual elaboration, plaintiff also claims that defendants Cole, Sgt. Booker, L. Shuler, and Warden John Watson—individuals at the CRC and NCCI—acted to "aid & abet" Ablefinlin and West in violating his constitutional rights. (Doc. 1 at PageID 3).

In the first amended complaint, plaintiff asserts without any additional factual allegations that his rights to due process, equal protection, and to be free from discrimination and cruel and unusual punishment were violated. (Doc. 6). The complaint names as defendants C/O Crawford, Unit Manager Starcher, Unit Case Manager Woods, Sgt. Bright, and Warden Watson.

The second amended complaint includes allegations against defendants Starcher, Woods, Bright, Davis, Watson, and Shuler. (Doc. 9 at PageID 66). Plaintiff complains that institutional inspector Starcher assisted the institutional cashier defendants in taking funds from his prison account. Plaintiff claims that Woods interfered with his ability to notarize court documents and that his state-court appeal was dismissed. (*Id.* at PageID 67-68). Without any supporting facts, plaintiff also alleges that Bright "continues to single me out for discrimination, violates my due process, equal protection, free from inhumane treatment." (*Id.* at PageID 67). Plaintiff further alleges that Davis, Watson, and Shuler violated his constitutional rights by permitting and/or failing to correct the conduct of institutional staff. (*See id.* at PageID 68).

In the third amended complaint, plaintiff claims that Sgt. Bright "moved plaintiff to WYANDOT C/D from Crawford C/D stating 'he's tired of me.'" (Doc. 11 at PageID 84). According to plaintiff, Bright retaliated against him for filing a complaint against Warden

4

Watson. Plaintiff also again alleges that Unit Manager Jones aided and abetted institutional cashier West.

In the fourth complaint submitted in this action, plaintiff reasserts his claims that West and Ablefinlin improperly withdrew funds from his prison account and that other defendants—Watson, Shuler, Jones, Woods, and Davis—aided and abetted them. (Doc. 15).

Finally, in the fifth complaint, plaintiff alleges that in November of 2022 defendant Sgt. Williams harassed him in an effort to provoke plaintiff into an altercation. (Doc. 17). Plaintiff claims that he was provided with a pass to report to the captain's office; however, Williams stated "go the long way boy and do what you [are] told fuck that sign." (*Id.* at PageID 116). According to plaintiff, he "immediately recognized that Williams was retaliating, aiding and abetting his friends, defendants in this case." (*Id.*).[2]

As relief, plaintiff seeks monetary damages. (Doc. 1 at PageID 4; Doc. 9 at PageID 69; Doc. 11 at PageID 84; Doc. 15 at PageID 104; Doc. 17 at PageID 117).

**C. Analysis**

Plaintiff's complaint is subject to dismissal at the screening stage. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

To the extent that plaintiff seeks to hold defendants Ablefinlin, West, or any other defendant[3] liable for withdrawing his funds, plaintiff's claim should be dismissed. In order to state a claim based on the loss of his property, plaintiff must first "plead . . . that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir.

---

[2] Plaintiff has also filed a document entitled "Complaint Made Clear," which clarifies and/or reasserts the claims raised in his complaints. (*See* Doc. 13).

[3] As noted above plaintiff alleges that several defendants aided and abetted the institutional cashier defendants. (*See* Doc. 1 at PageID 3; Doc. 11 at PageID 84; Doc. 15 at PageID 103).

5

1983). *See also Hudson v. Palmer*, 468 U.S. 517 (1984). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 587-88 (6th Cir. 2004). Accordingly, in order to state a procedural due process claim under section 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory*, 721 F.2d at 1066). A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Jefferson*, 360 F.3d at 588.

Plaintiff has not alleged any facts even remotely indicating that his remedies under Ohio law to redress the wrong of which he complains are inadequate. Plaintiff's complaint fails to explain why a state tort remedy for conversion would not suffice to address his claim. *See Fox v. Van Oosterum,* 176 F.3d 342, 349 (6th Cir. 1999). Therefore, he fails to state a due process claim that is actionable in this § 1983 proceeding.

Plaintiff's conclusory allegations against many of the named defendants should also be dismissed. For example, in the first amended complaint plaintiff alleges that C/O Crawford, Unit Manager Starcher, Unit Case Manager Woods, Sgt. Bright, and Warden Watson violated his rights to due process, equal protection, and to be free from discrimination and cruel and unusual punishment were violated. (*See* Doc. 6 at PageID 45). Without any supporting facts, plaintiff also alleges that Bright "continues to single me out for discrimination, violates my due process, equal protection, free from inhumane treatment." (Doc. 9 at PageID 67). Plaintiff does not make any factual allegations regarding defendants' actions that could reasonably be construed as

6

violating his constitutional rights.[4] More than bare assertions of legal conclusions are required to satisfy federal notice pleading requirements, and a complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (citations omitted) (emphasis in original)). The Court is unable to discern from plaintiff's conclusory assertions what defendants did, or failed to do, to violate his rights. The complaint consists of legal conclusions unsupported by sufficient factual content to enable the Court to conclude that the complaint states a plausible claim for relief against these defendants.

Plaintiff's claim that defendants violated his First Amendment right to access the courts is also subject to dismissal. In order to state an actionable claim, an inmate must plead and demonstrate that the lack of legal materials or the shortcomings in the prison legal assistance program have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996); *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).

In addition, when bringing a denial of access to the courts claim, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "[T]he predicate claim (must) be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is

---

[4] This includes plaintiff's allegations that various defendants "aided and abetted" the institutional cashier defendants, as well as the conclusory allegations in the first, third, and fourth amended complaints. (*See* Doc. 6, 11, 15).

more than hope." *Id.* In other words, "only prisoners with non-frivolous underlying claims can have standing to litigate an access-to-courts action." *Hadix v. Johnson*, 182 F.3d 400, 405-406 (6th Cir. 1999) (citing *Lewis*, 518 U.S. at 353 & n. 3).

In this case, plaintiff alleges that Woods refused to contact the notary for him and that his state-court appeal was dismissed. (Doc. 9 at PageID 67-68). However, plaintiff fails to allege any facts showing that he suffered an actual injury in any nonfrivolous legal proceeding as a result of Wood's actions. Plaintiff fails to specify the underlying cause of action he claims was dismissed or plead any facts that would allow the Court to conclude that his predicate claim was nonfrivolous or that defendant's actions resulted in the dismissal of his case.[5] Plaintiff's First Amendment access to courts claim should be dismissed.

The complaint should also be dismissed to the extent that plaintiff claims defendants Bright or Williams retaliated against him. Plaintiff alleges that Bright transferred him for filing a complaint against defendant Watson. (Doc. 11 at PageID 84). As noted above, plaintiff claims he was moved from Crawford C/D to WYANDOT C/D, after Bright informed him that he was tired of plaintiff. Plaintiff also alleges that defendant Williams retaliated against him. (*See* Doc. 17 at PageID 116).

A prisoner's claim of retaliation for engaging in protected conduct is grounded in the First Amendment. *Jones v. Caruso*, 421 F. App'x 550, 553 (6th Cir. 2011) (citing *Thaddeus-X v.*

---

[5] Plaintiff claims that his appeal in "C.A. 29514" was dismissed due to Woods failure to contact a notary. (Doc. 9 at Page ID 67). Review of plaintiff's appeal in the Montgomery County, Ohio Court of Appeals, Case No. 29514, reveals that plaintiff filed a notice of appeal on June 28, 2022. On July 7, 2022, the State of Ohio filed a motion to dismiss. On July 8, 2022 the Ohio appeals court issued a Show Cause Order, to which plaintiff responded. The action was dismissed on July 24, 2022 on the basis that the appeal was duplicative of another appeal filed by plaintiff and the court lacked jurisdiction over an appeal of a non-final order.

Viewed at https://pro.mcohio.org/. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

*Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (en banc)). A retaliation claim has three elements: (1) the prisoner engaged in protected conduct; (2) an adverse action was taken against the prisoner that "'would deter a [prisoner] of ordinary firmness from continuing to engage in that conduct'"; and (3) the prisoner's protected conduct, at least in part, motivated the adverse action. *Id.* (quoting *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007), in turn quoting *Thaddeus-X*, 175 F.3d at 394).

In this case, plaintiff's allegations are insufficient to state a retaliation claim. As an initial matter, plaintiff does not allege that defendant Williams actions were in response to any protected conduct. With respect to his allegation that Bright subjected him to a retaliatory transfer for filing a complaint, plaintiff has pled insufficient facts to suggest that his transfer involved a loss of privileges, amounted to a worse placement, or any other facts to plausibly suggest that his transfer would deter a prisoner of ordinary firmness from engaging in protected conduct.

In any event, plaintiff's conclusory allegations of retaliatory motive are insufficient to state an actionable claim for relief. Plaintiff has failed to allege any facts to support his conclusory claim that Bright "act[ed] in reprisal for plaintiff's filing a complaint against [Warden] Watson, et al." (Doc. 11 at PageID 84). The same is true of his conclusory allegation that plaintiff "immediately recognized that William was retaliating" when allegedly harassing him. (Doc. 17 at PageID 116). "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)). "[N]ot every claim of retaliation by a disciplined prisoner, who either has had contact with, or has filed a lawsuit against prison officials, will state a cause of action for retaliatory

9

treatment. Rather, the prisoner must allege a chronology of events from which retaliation may plausibly be inferred." *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988) (citing *Benson v. Cady,* 761 F.2d 335, 342 (7th Cir. 1985) (noting that "alleging merely the ultimate fact of retaliation is insufficient")). Without any "further factual enhancement" plaintiff's conclusory allegations are simply insufficient to state an actionable claim for relief. *Twombly*, 550 U.S. at 555–57. *See also Whiteside v. Collins,* No. 2:08-cv-875, 2009 WL 4281443, at *9 (S.D. Ohio Nov. 24, 2009) (finding the plaintiff's retaliation claim was subject to dismissal, noting that "conclusory allegations of retaliatory motive and temporal proximity alone are insufficient to establish his retaliation claim") (Report and Recommendation), *adopted*, 2010 WL 1032424 (S.D. Ohio Mar. 17, 2010). Accordingly, plaintiff's retaliation claims should be dismissed.

To the extent that plaintiff seeks to hold defendant Williams (*see* Doc. 17 at PageID 116) or any other defendant liable for the use of threats, racial slurs, or other insults, he has failed to state a viable claim under § 1983, which requires a showing of a deprivation of "a right secured by the United States Constitution or a federal statute." *See Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003). It is well-settled that "[v]erbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief." *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)); *see also Chilcott v. Erie Cnty. Domestic Relations*, 283 F. App'x 8, 11 (3rd Cir. 2008) (and Sixth, Fifth and Tenth Circuit cases cited therein). Additionally, while prison officials should not use degrading or racist language when interacting with inmates, the use of such language does not rise to the level of a constitutional violation. *See Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *4 (6th Cir. Mar. 31, 2017). A prison official's use of racial slurs, "although unprofessional and

reprehensible, does not rise to the level of constitutional magnitude" and is insufficient to support a constitutional claim for relief. *Jones Bey v. Johnson*, 248 F. App'x 675, 677-78 (6th Cir. 2007) (citing *Torres v. Oakland County*, 758 F.2d 147, 152 (6th Cir. 1985)); *see also Ivey*, 832 F.2d at 954. *Cf. Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545-46 (6th Cir. 2004). Accordingly, plaintiff's claims against defendant Williams should be dismissed.

Plaintiff's claims that defendant Davis, Watson, and Shuler violated his rights in connection with the grievance process or by failing to correct the conduct of institutional staff should also be dismissed. (*See* Doc. 9 at PageID 68). Plaintiff appears to claim that Davis violated his constitutional rights by failing to address Woods' alleged refusal to provide plaintiff with a notary. (*See id.*). Plaintiff further claims that Warden Watson "allows his staff to oppressively treat plaintiff and deny plaintiff access to the courts." (*Id.*). Finally, plaintiff claims inspector Shuler permitted staff to "deny plaintiff a grievance process." (*Id.*). However, "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug.03, 1998) (citations omitted). Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Therefore, plaintiff's claims that Davis, Watson, Shuler, or any other defendant failed to investigate or take corrective action should be dismissed for failure to state a claim upon which relief may be granted.

Accordingly, in sum, because plaintiff has failed to state a claim upon which relief may be granted against the named defendants, the complaint, as amended, should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

### D. Pending Motions

Plaintiff has filed several additional motions related to the claims presented in his complaints. In his motion to return funds (Doc. 7), plaintiff reasserts the allegation that funds were unlawfully deducted from his inmate trust account. In the motion to obtain public information (Doc. 8), plaintiff seeks an Order from this Court "to obtain vital public information" to support his allegations against defendants. Plaintiff has also filed a motion for a writ of mandamus for defendants and other institutional staff to comply with his public information and records request. (*See* Doc. 21). Finally, plaintiff has filed a motion requesting a confidential investigation against defendant Jones (Doc. 16) in connection with the allegations raised in his fifth amended complaint.

In light of the recommendation that plaintiff's complaint against defendants be dismissed for failure to state a claim upon which relief may be granted, plaintiff's pending motions (Doc. 7, 8, 16, 21) should be **DENIED**.

### IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint, as amended and supplemented, be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and plaintiff's pending motions (Doc. 7, 8, 16, 21) be **DENIED**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. See *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: 1/3/2023

Karen L. Litkovitz
United States Magistrate Judge