UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LEON A. MORRIS, SR.,**

      Plaintiff,

v.

**CORRECTIONAL COMPLEX, et al.,**

      Defendants.

Civil Action 2:22-cv-3461
Judge Edmund A. Sargus, Jr.
Magistrate Judge Karen L. Litkovitz

**OPINION AND ORDER**

This matter is before the Court for consideration of a Report and Recommendation issued by the Magistrate Judge on January 3, 2023 (ECF No. 26), to which Plaintiff filed an Objection (ECF No. 28), a Second Objection (ECF No. 29), a Response (ECF No. 31), a Third Objection (ECF No. 33), a Fourth Objection (ECF No. 36), a Second Response and Fifth Objection (ECF No. 37), a Notice of Evidence (ECF No. 39), a Second Notice of Evidence (ECF No. 41), and a Third Notice of Evidence (ECF No. 43).

For the reasons set forth below and in the Magistrate Judge's Report and Recommendation, all of Plaintiff's responses, objections and notices (ECF Nos. 28, 29, 31, 33, 36, 37, 39, 41, 43) are **OVERRULED**, the Report and Recommendation (ECF No. 26) is **ADOPTED**, Plaintiff's complaints are dismissed for failure to state a claim upon which relief can be granted, Plaintiff's Motion to Return Funds (ECF No. 7) is **DENIED**, Plaintiff's Motion to Obtain Public Information (ECF No. 8) is **DENIED**, Plaintiff's Motion to Request a Confidential Investigation is **DENIED**, Plaintiff's Motion for a Writ of Mandamus (ECF No. 21) is **DENIED**, and this case is **DISMISSED**.

**I.**

Plaintiff is a prisoner at the North Central Correctional Institution in Ohio. He has filed a pro se civil rights complaint in this Court and was granted leave to proceed *in forma pauperis*.

Plaintiff filed six amended complaints and/or motions to amend his complaint. (ECF Nos. 6, 9, 11, 15, 17), which the Magistrate Judge granted, and a seventh amended complaint (ECF No. 30), which this Court has reviewed in its consideration of the objections and responses currently before it.

This matter came before the Court for a *sua sponte* review of the complaint, as amended and supplemented, to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). Section 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

The Magistrate Judge thoroughly reviewed the complaints and documents before her and recommended that "[t]he plaintiff's complaint, as amended and supplemented, be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and plaintiff's pending motions (Doc. 7, 8, 16, 21) be **DENIED**." (ECF No. 26 at 12.) The Magistrate Judge also certified that, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the Report and Recommendation would not be taken in good faith. *Id*. (citing *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997)).

Plaintiff has filed numerous documents in response to the Report and Recommendation. Specifically, he filed five objections (ECF Nos. 28, 29, 31, 33, 36), two responses (ECF Nos. 31, 37), and three notices (ECF Nos. 39, 41, 43). Plaintiff also filed another amended complaint. (ECF No. 30.)

## II.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In evaluating a complaint to determine whether it states a claim upon which relief can be granted, the Court must construe it in favor of the plaintiff, accept the factual allegations contained in the pleading as true, and determine whether the factual allegations present any plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

# IV.

### A.  Complaint

In its *de novo* review of the record, the Court finds that Plaintiff's allegations are properly set out in the Report and Recommendation:

> In the initial complaint filed in this case, plaintiff claims that defendants Amber Ablefinlin and R. West, institutional cashiers at the Correctional Reception Center (CRC) and NCCI, unlawfully removed funds from his prison trust fund account. (Doc. 1 at PageID 3). Without any factual elaboration, plaintiff also claims that defendants Cole, Sgt. Booker, L. Shuler, and Warden John Watson—individuals at the CRC and NCCI—acted to "aid & abet" Ablefinlin and West in violating his constitutional rights. (Doc. 1 at PageID 3).
>
> In the first amended complaint, plaintiff asserts without any additional factual allegations that his rights to due process, equal protection, and to be free from discrimination and cruel and unusual punishment were violated. (Doc. 6). The complaint names as defendants C/O Crawford, Unit Manager Starcher, Unit Case Manager Woods, Sgt. Bright, and Warden Watson.
>
> The second amended complaint includes allegations against defendants Starcher, Woods, Bright, Davis, Watson, and Shuler. (Doc. 9 at PageID 66). Plaintiff complains that institutional inspector Starcher assisted the institutional cashier defendants in taking funds from his prison account. Plaintiff claims that Woods interfered with his ability to notarize court documents and that his state-court appeal was dismissed. (*Id.* at PageID 67-68). Without any supporting facts, plaintiff also alleges that Bright "continues to single me out for discrimination, violates my due process, equal protection, free from inhumane treatment." (*Id.* at PageID 67). Plaintiff further alleges that Davis, Watson, and Shuler violated his constitutional rights by permitting and/or failing to correct the conduct of institutional staff. (*See id.* at PageID 68).
>
> In the third amended complaint, plaintiff claims that Sgt. Bright "moved plaintiff to WYANDOT C/D from Crawford C/D stating 'he's tired of me.'" (Doc. 11 at PageID 84). According to plaintiff, Bright retaliated against him for filing a complaint against WardenWatson. Plaintiff also again alleges that Unit Manager Jones aided and abetted institutional
>
> In the fourth complaint submitted in this action, plaintiff reasserts his claims that West and Ablefinlin improperly withdrew funds from his prison account and that other defendants—Watson, Shuler, Jones, Woods, and Davis—aided and abetted them. (Doc. 15).
>
> Finally, in the fifth complaint, plaintiff alleges that in November of 2022 defendant Sgt. Williams harassed him in an effort to provoke plaintiff into an altercation. (Doc. 17). Plaintiff claims that he was provided with a pass to report to the captain's office; however, Williams stated "go the long way boy and do what you [are] told fuck that

4

> sign." (*Id.* at PageID 116). According to plaintiff, he "immediately recognized that Williams was retaliating, aiding and abetting his friends, defendants in this case." (*Id.*).2
>
> As relief, plaintiff seeks monetary damages. (Doc. 1 at PageID 4; Doc. 9 at PageID 69; Doc. 11 at PageID 84; Doc. 15 at PageID 104; Doc. 17 at PageID 117).
> cashier West.

(ECF No. 26 at 4–5.)

In the most recent complaint filed, the sixth, Plaintiff adds that prison officials are deliberately indifferent to a risk of serious harm to him and that they have violated numerous of his constitutional rights by failing to comply with a Court order sent to the cashiers at the prison. (ECF No. 30.)

Reviewing the Plaintiff's filings, the Court finds nothing that would cause it to disagree with the Magistrate Judge's thorough analysis of the Complaint. In its *de novo* review of the record before it, the Court concludes that the Magistrate Judge correctly applied the law to the facts before her to determine that Plaintiff has failed to state any claim upon which relief could be granted. The Court, therefore, **OVERRULES** Plaintiff's Objections.

**B.    Pending Motions**

As the Magistrate Judge noted in her Report and Recommendation, Plaintiff filed several additional motions related to the claims presented in his complaints. In his motion to return funds (ECF No. 7), plaintiff reasserts the allegation that funds were unlawfully deducted from his inmate trust account. In the motion to obtain public information (ECF No. 8), Plaintiff seeks an Order from this Court "to obtain vital public information" to support his allegations against defendants. Plaintiff has also filed a motion for a writ of mandamus for defendants and other institutional staff to comply with his public information and records request. (ECF No. 21). Finally, Plaintiff has filed a motion requesting a confidential investigation against defendant Jones (ECF No. 16) in connection with the allegations raised in his fifth amended complaint.

In its *de novo r*eview of the record before it, the Court finds that in light of the dismissal of Plaintiff's complaint against defendants for failure to state a claim upon which relief may be granted, these pending motions are **DENIED**. (ECF Nos. 7, 8, 16, 21.)

**C.    Good Faith Appeal**

Based on the foregoing, the Court certifies, as did the Magistrate Judge, that pursuant to 28 U.S.C. § 1915(a)(3) an appeal of this Order adopting this Report and Recommendation would not be taken in good faith and therefore any request by Plaintiff for leave to appeal *in forma pauperis* is **DENIED**. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**V.**

For the reasons set forth above and in the Magistrate Judge's Report and Recommendation, all of Plaintiff's responses, objections and notices (ECF Nos. 28, 29, 31, 33, 36, 37, 39, 41, 43) are **OVERRULED**, the Report and Recommendation (ECF No. 26) is **ADOPTED**, Plaintiff's complaints are **DISMISSED** for failure to state a claim upon which relief can be granted, Plaintiff's Motion to Return Funds (ECF No. 7) is **DENIED**, Plaintiff's Motion to Obtain Public Information (ECF No. 8) is **DENIED**, Plaintiff's Motion to Request a Confidential Investigation is **DENIED**, Plaintiff's Motion for a Writ of Mandamus (ECF No. 21) is **DENIED**, and this case is **DISMISSED**.  The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Defendants and **CLOSE** this case.

    **IT IS SO ORDERED.**

**2/27/2023**                                                        **s/Edmund A. Sargus, Jr.**
**DATE**                                                              **EDMUND A. SARGUS, JR.**
                                                                      **UNITED STATES DISTRICT JUDGE**