UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| LEON A. MORRIS SR., | : | Case No. 2:22-cv-3461 |
| Plaintiff, | : | District Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Karen L. Litkovitz |
| vs. | : | |
| WARDEN, NORTH CENTRAL, CORRECTIONAL COMPLEX, *et al.*, | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the North Central Correctional Institution (NCCI), filed a pro se civil rights complaint in this Court. (Doc. 1). By separate Order, plaintiff was granted leave to proceed *in forma pauperis*. (Doc. 24). The undersigned issued a Report and Recommendation that plaintiff's complaint, as amended and supplemented (*see* Docs. 1, 6, 9, 11, 15, and 17), be dismissed, and that plaintiff's several other pending motions be denied (*see* Docs. 7, 8, 16, and 21). (Doc. 26). The District Judge adopted this Report and Recommendation on February 27, 2023. (Doc. 45). This matter is before the Court on plaintiff's "Motion for Three Post-Judgment Under Fed. R. Civ. P. 60" (Doc. 48) and "Motion: for New Evidence Vital to Above Civil Matter per R.C. 149.43 Public Record Requested from Defendant Lorri Shuler" (Doc. 50).

Plaintiff's first motion invokes subsections (1), (2), (3), and (6) of Rule 60(b). (*See* Doc. 48 at PAGEID 320-21). Plaintiff filed this identical motion in other federal lawsuits he has filed, including *Morris v. Globe Life Ins. Co.*, in which this Court explained:

> Under Rule 60(b)(1), the Court may vacate a final judgment due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(1) "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when

> the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). . . .
>
> Under Rule 60(b)(2), a party may offer "newly discovered evidence that, with reasonable diligence, could not have been discovered in time" to support relief. Fed. R. Civ. P. 60(b)(2). "For 'a Rule 60(b)(2) motion, a movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that the newly discovered] evidence is material and controlling and clearly would have produced a different result if presented before the original judgment.'" *Fabian v. Tillotson*, 343 F.R.D. 55, 58 (S.D. Ohio 2022) (quoting *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998)).
>
> Fed. R. Civ. P. 60(b)(3) permits relief in cases of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). These are situations in which an "adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding [in] question." [*Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 455 (6th Cir. 2008)]. The Sixth Circuit has defined fraud as "'the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment.'" *Salem Pointe Capital, LLC v. Rarity Bay Partners*, 854 F. App'x 688, 701 (6th Cir. 2021) (quoting *Info-Hold, Inc.*, 538 F.3d at 456).
>
> "Rule 60(b)(6) should apply only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule and where principles of equity mandate relief." *Broach v. City of Cincinnati*, 244 F. App'x 729, 735 (6th Cir. 2007). Essentially, this exception requires "something more," and encompasses "unusual and extreme situations" that fall outside of the first five exceptions. *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015).

*Morris v. Globe Life Ins. Co.*, No. 3:22-cv-199, 2023 WL 2932288, at *1-2 (S.D. Ohio Apr. 13, 2023).

The substance of plaintiff's motion does not identify particular circumstances that justify relief under any of these subsections as explained above; instead, plaintiff makes conclusory statements that his rights were violated, including, e.g., that the "legal system" and "all defendants" discriminated against him based on his race and violated his "protected constitutional rights." (*Id.* at PAGEID 319-21). Further, to the extent that plaintiff's motion simply restates the allegations of his dismissed complaint, this does not warrant relief under Rule

2

60(b). *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) (rephrasing the allegations of a complaint "fail[s] to demonstrate entitlement to relief under . . . Rule 60(b)."). Plaintiff also lists a series of his federal lawsuits,[1] each accompanied by a statement that the defendants therein "willfully, unlawfully, with malice and forethought violated plaintiff's protected constitutional rights, local, city, state and federal laws which subjected plaintiff to pain and suffering that are plausible grounds for relief." (*Id.* at PAGEID 322-23). This statement likewise does not satisfy the requirements of any subsection of Rule 60(b) as it pertains to the instant case.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's "Motion for Three Post-Judgment Under Fed. R. Civ. P. 60" (Doc. 48) be **DENIED**;

2. Plaintiff's "Motion: for New Evidence Vital to Above Civil Matter per R.C. 149.43 Public Record Requested from Defendant Lorri Shuler" (Doc. 50) be **DENIED as moot**.

Date: 6/21/2023

KAREN L. LITKOVITZ
United States Magistrate Judge

---

[1] *Morris v. Haines*, 3:22-cv-200 (S.D. Ohio) (case dismissed October 27, 2022); *Morris v. Huffman.*, 3:22-cv-278 (S.D. Ohio) (case dismissed January 26, 2023); the subject case (dismissed February 27, 2023); and *Morris v. Global Life Ins. Co.*, 3:22-cv-199 or *Morris v. Global Life Ins. Co.*, 3:22-cv-222 (plaintiff does not include a case number; both cases were dismissed on February 15, 2023).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| LEON A. MORRIS SR., | : | Case No. 2:22-cv-3461 |
| | : | |
| Plaintiff, | : | District Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Karen L. Litkovitz |
| vs. | : | |
| | : | |
| WARDEN, NORTH CENTRAL, | : | |
| CORRECTIONAL COMPLEX, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).